Pagán, López & Co., Plaintiffs and Respondents, *v.* Mayagüez Dock and Shipping Company, Defendant and Appellant.

Appeal from the District Court of Mayagüez in an action to recover the possession of personal property and for damages.

No. 1076.—Decided April 28, 1914.

Damages—Detention of Merchandise.—It appearing from the evidence that the merchandise was detained by the defendant for only eight days, and it

not having been shown that the plaintiffs suffered any injury or that the goods were damaged, the judgment against the defendant for an indemnity of $200 should be reversed.

CROSS-COMPLAINT — MERCHANDISE UNLOADED UNLAWFULLY — FREIGHT AND STORAGE.—The defendant having unloaded and stored the merchandise in litigation against the objection of the plaintiffs and in violation of the bill of lading covering the shipment, it is not entitled to claim compensation for the use of its lighters in discharging said merchandise nor for wharfage, and therefore the cross-complaint was properly dismissed.

The facts are stated in the opinion.

*Mr. Leopoldo Feliu* for the respondents.

*Mr. José de Diego* for the appellant.

MR. JUSTICE WOLF delivered the opinion of the court.

On May 22, 1912, this court rendered its opinion and judgment in the case of *Pagán, López & Company* v. *Mayagüez Dock and Shipping Company,* 18 P. R. R., 387, by which the court reversed the judgment of the District Court of Mayagüez, ordered that court to render a judgment in favor of the complainant and "to decide upon the damages claimed by the plaintiffs according to the merits of the evidence adduced in the suit." When the case was returned to the District Court of Mayagüez there was no new trial; the court merely considered the evidence of the original trial and rendered a judgment for the complainant, fixed the damages at $200 and dismissed the cross-complaint filed by the defendant wherein the latter claimed compensation for the use of its lighters and wharf in bringing complainant's goods to land. The appellant alleges that the court erred in awarding uamages to the complainant and in dismissing the cross-complaint.

No appearance was made by the respondent and no brief has been filed. It appears from the record that the complainant's goods came into possession of the defendant on or about November 21, 1910, and were taken by the marshal on November 23, 1910. On November 28, 1910, the parties signed a stipulation by which the goods were to be delivered to the complainant and they were in fact so delivered on November 29.

So that the complainant was only deprived of his goods for eight days. An inspection of the evidence fails to reveal that the goods suffered any damage or that the complainant suffered any actual inconvenience because of the delay. There was no other element of damage shown beyond the detention.

When this court sent the case back to the district court to assess the damages it did not intend that the court should necessarily render a judgment for damages against the defendant, but solely if the proof justified such action, the court below being in a better position to estimate such damages, if any. However that may be, the complainant does not appear to have offered any additional proof and we are limited to the evidence at the original trial. From an inspection of this evidence we arrive at the conclusion that the damages, if any, were nominal.

With respect to the cross-complaint, under the decision of this court we think that the defendant came unlawfully into the possession of the complainant's goods and was bound to restore or surrender them. While the defendant was maintaining compensation for its freightage and wharfage the complainant might have maintained that the exacting of this freight and wharfage was a damage resulting from the unlawful seizure. The defendant could not claim anything in exercising dominion over the goods that would not be a damage to the complainant. The defendant wrongfully withheld complainant's goods and is entitled to no damages for their handling or safekeeping. We think the court rightfully dismissed the cross-complaint.

For the error in assessing damages against the defendant the judgment must be reversed in so far as it awarded such damages, but without costs or fees in the court below.

*Reversed in part.*

Chief Justice Hernández and Justices del Toro and Aldrey concurred.